IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES RANSOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-07-71-D |
| | ) | |
| DR. EDSALL, et al.,, | ) | |
| | ) | |
| Defendants. | ) | |

O R D E R

Plaintiff, who appears *pro se,* is a private prison inmate in the custody of the State of Oklahoma. Pursuant to 42 U. S. C. § 1983, he alleges that Defendants Robert D. Edsall and Mike Maize violated his Eighth Amendment rights because they were deliberately indifferent to his serious dental needs during his confinement at the Great Plains Correctional Facility ("Great Plains"). In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings.

The Magistrate Judge filed a Report and Recommendation [Doc. No. 25] in which she recommended that the Court grant Defendant Maize's Motion for Summary Judgment[1] [Doc. No. 22]. Because Plaintiff has timely filed an objection to the Report and Recommendation, the matter is reviewed *de novo.*

As explained in the Report and Recommendation, Defendant Maize was, at all times relevant to Plaintiff's claims, the Medical Director of Great Plains. Defendant Edsall was a dentist who provided treatment to inmates at Great Plains. In his Complaint, Plaintiff alleges that he has had

---

[1]As explained by the Magistrate Judge, the Motion was filed as a Motion to Dismiss or Alternative Motion for Summary Judgment; because adjudication of the Motion requires examination of material outside the scope of the pleadings, Judge Roberts properly considered it as a summary judgment motion. *See, e.g.,MacArthur v. San Juan County,* 309 F.3d 1216, 1221 (10th Cir. 2002).

serious dental needs since his February 2002 incarceration, including the need for tooth extractions and dentures. Complaint, p. 2. Some of Plaintiff's allegations are asserted only against Defendant Maize in his capacity as the Medical Director of Great Plains; additional specific allegations are directed at Defendant Edsall. Plaintiff contends that Defendant Maize maintained a "phantom waiting list," which allegedly delayed the dental treatment requested by Plaintiff and caused Plaintiff's condition to deteriorate, resulting in serious pain and injury. His allegations against Defendant Edsall describe numerous complaints about the procedures utilized in the treatment of Plaintiff's dental problems.

The factual allegations regarding Dr. Edsall are accurately summarized at pages 2 and 3 of the Report and Recommendation, and need not be repeated here, as those contentions are not addressed in Defendant Maize's motion. Defendant Maize addresses only the claims asserted against him, and seeks judgment because Plaintiff failed to exhaust the available administrative remedies regarding his claims against Defendant Maize. Although the record reflects that Plaintiff pursued complaints or grievances concerning the actions or inactions of Dr. Edsall, the "phantom waiting list" of Maize was the subject of only one complaint. Defendant Maize contends that, with respect to that complaint, Plaintiff never appealed the response he received and, as a result, did not exhaust his administrative remedies prior to filing this lawsuit. Defendant Maize contends that he is entitled to judgment on that basis.

Summary judgment may be granted where the undisputed material facts establish that one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). To avoid summary

judgment, Plaintiff must present more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict for the non-moving party." *Id.* The facts in the record and reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. MacKenzie v. City & County of Denver, 414 F.3d 1266, 1273 (10th Cir. 2005). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, defendant is entitled to judgment on that cause of action. Celotex, 477 U.S. at 322.

As fully discussed in the Report and Recommendation, the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U. S. C. § 1997e, requires that a prisoner exhaust all available administrative remedies before filing a § 1983 action in federal court. The PLRA provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U. S. C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA ...unexhausted claims cannot be brought in court." *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 918-19 (2007). The parties agree that exhaustion of administrative remedies through the Department of Corrections ("DOC") is mandated by the DOC's policy, OP-090124, a copy of which is submitted as Defendant's Exhibit 10. As discussed at page 5 of the Report and Recommendation, that policy prescribes the required steps which must be taken by an inmate with regard to initiating and pursuing a complaint. Initially, the inmate must informally report a complaint; if that effort does not resolve the problem, he must file a written "Request to Staff." Exhibit 10, Part IV(A) and (B). If the inmate is dissatisfied with the response to a Request to Staff, he must pursue a grievance by submitting an "Inmate/Offender Grievance Report Form." *Id.* at Part V(A). Unfavorable responses to grievances are then appealed to the administrative review authority or chief medical officer, depending on the subject matter of

the grievance. Exhibit 10, Part VII.

As discussed in the Report and Recommendation at pages 6 and 7, the record in this case reflects that Plaintiff submitted several "Requests to Staff" complaining of inadequate or improper dental care; however, these were not appealed to the next level of administrative review through the required filing of a Grievance Report.    The only Grievance Report Form submitted by Plaintiff related to his complaints about the dental staff at Great Plains and his treatment by Dr. Edsall.  These complaints did not identify Defendant Maize or complain about the alleged "phantom waiting list." The record reflects that Plaintiff did pursue informal complaints to staff concerning the delay in receiving dental treatment; however, he did not pursue the administrative review process with respect to these complaints by pursuing a formal grievance.   Report and Recommendation at page 8.

Having fully reviewed the record, the Court concludes that the Magistrate Judge correctly determined that the record reflects the undisputed fact that Plaintiff failed to exhaust his administrative remedies with regard to any claim about the action or inaction of Defendant Maize. Plaintiff's objection fails to present argument or evidence sufficient to create a material factual dispute with regard to his exhaustion of administrative remedies regarding the allegations he now asserts against Defendant Maize.  Therefore, the Court concludes that Defendant Maize is entitled to judgment on Plaintiff's claims against him.

As the Magistrate Judge also discussed in detail, Defendant Maize is entitled to judgment on the alternative ground that the record shows that Plaintiff cannot create a material factual dispute regarding his claim that Maize is liable because he maintained a "phantom" waiting list or otherwise delayed Plaintiff's dental treatment.  The record supports the undisputed material facts outlined at

pages 9 and 10 of the Report and Recommendation, and Plaintiff offers no evidence sufficient to dispute these facts. Furthermore, as the Magistrate Judge noted, Plaintiff's response to Defendant Maize's summary judgment motion fails to submit argument or evidence that he suffered injury as a result of Maize's action or inaction. Defendant Maize is not mentioned in the response, and Plaintiff's allegations are limited to contentions regarding the conduct of dentists who treated Plaintiff's dental problems. The injuries he cites are limited to those allegedly resulting from the dentists' actions. Where a delay in medical care is the basis for an Eighth Amendment claim, the plaintiff must "show the delay resulted in substantial harm." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)(citations omitted). Plaintiff fails to submit argument or evidence to show that any delay in his receipt of dental treatment resulted in injury.

Having conducted a *de novo* review and having considered Plaintiff's objections to the Report and Recommendation, the Court concludes that the Magistrate Judge was correct in her determination that Defendant Maize is entitled to judgment as a matter of law on the claims asserted against him. The Report and Recommendation [Doc. No. 25] is adopted as though fully set forth herein. This ruling does not dispose of the balance of Plaintiff's claims, and the matter remains on referral to Magistrate Judge Bana Roberts.

IT IS SO ORDERED this   7th   day of March, 2008.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE