**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES RANSOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-71-D |
| | ) |
| DR. EDSALL, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff James Ransom, a pro se private prison inmate in the custody of the State of Oklahoma, brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Edsall and Maize violated his constitutional rights through their deliberate indifference to his serious dental needs during his confinement at the Great Plains Correctional Facility [Doc. No. 1]. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

By order of March 7, 2008, United States District Judge Timothy D. DeGiusti adopted the undersigned's recommendation [Doc. No. 25] that summary judgment be granted in favor of Defendant Maize in this matter [Doc. No. 31]. As to the only other named Defendant, Dr. Edsall, the undersigned noted by order of December 6, 2007, [Doc. No. 27] that while the record contained a Process Receipt and Return filed by the United States Marshals Service stating that Defendant Edsall had been served by certified mail on April 30, 2007 [Doc. No. 16], Dr. Edsall had not answered or otherwise responded and Plaintiff had taken no action in that regard. Plaintiff was ordered to show cause why his action against

Defendant Edsall should not be dismissed for failure to prosecute [Doc. No. 27]. Plaintiff ultimately filed a request for entry of default [Doc. No. 30], and default was entered by the Clerk of this court on April 22, 2008 [Doc. No 32]. Plaintiff then filed a motion for default judgment [Doc. No. 34]. Thereafter, counsel entered an appearance on behalf of Defendant Edsall [Doc. 35] and filed a response to Plaintiff's motion for default judgment along with a motion to set aside the Clerk's entry of default [Doc. No. 36]. Plaintiff has filed no response to Defendant Edsall's motion, and the time for such response has expired. Thus, the matter is at issue.

Defendant Edsall argues that the motion for default judgment should be denied and the entry of default set aside because he has never been served with process in this case. *Id.* Defendant Edsall has submitted an affidavit in connection with his response and motion in which he avers that he never signed for or received service papers at Great Plains Correctional Facility ("GPCF") [Doc. No. 36, Exhibit 6, p.3], the facility to which the Marshals Service sent the certified mail containing the service documents [Doc. No. 16]. He further avers that "[i]f [Plaintiff] attempted to serve me by certified mail at GPCF, it is possible that someone at GPCF signed the certified mail return receipt without my knowledge or authorization." [Doc. No. 36, Exhibit 6, p. 3].

Based upon Dr. Edsall's sworn statement that he never signed for receipt of service papers, the undersigned finds that Defendant Edsall was not served in *strict* compliance with Okla. Stat. tit. 12, § 2004(C)(2)(b) which requires that delivery be restricted to the addressee when certified mail is utilized for service. Because *technically proper* service of Defendant

Edsall formed a basis of Plaintiff's request for entry of default [Doc. No. 30] as well as the Clerk's subsequent entry of default [Doc. No. 32], it is recommended that the entry of default, *id.,* be vacated and Plaintiff's motion for default judgment denied [Doc. No. 34].

Nonetheless, as Plaintiff has observed [Doc. No. 30], Defendant Edsall signed an affidavit on June 14, 2007, which was submitted as an exhibit to the Special Report filed in this action [Doc. No. 18, Exhibit 6].[1] That affidavit dealt with Dr. Edsall's treatment of Plaintiff at GPCF and made specific references to the matters asserted in Plaintiff's complaint.[2] The undersigned finds that Defendant Edsall should be deemed to have been on actual notice of Plaintiff's complaint since that date.  When a party, such as Defendant Edsall, advances a failure of strict compliance with statutory requirements for service, "the court must in every case determine whether the found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice." *Shamblin v. Beasley,* 967 P.2d 1200, 1209 (Okla. 1998)(footnote omitted). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections."  *Id.*

---

[1] It is noteworthy that the Special Report was submitted by *both* Defendants Maize and Edsall [Doc. No, 18, p.1].

[2] For example, Defendant Edsell swore that, "I have never been deliberately indifferent to Mr. Ransom's medical needs and have provided dental care in accord with the standards of the profession." [Doc. No. 18, Exhibit 6, p. 2] At the very least, this statement suggests that Defendant Edsall was aware that Plaintiff Ransom had asserted a claim regarding his dental care. The undersigned notes that Defendant Edsall makes no reference to this affidavit in his filings [Doc. No. 36] although, as stated, it is central to Plaintiff's default request [Doc. No. 30].

(footnote omitted).  Not only was the service by Plaintiff – through the United States Marshals service – directed to Defendant Edsall by certified mail at the facility where Defendant Edsall had treated Plaintiff and thus reasonably calculated to apprise him of the lawsuit, but in completing the affidavit for the Special Report, Defendant Edsall was necessarily made aware of the allegations of Plaintiff's complaint and should be deemed to have been on notice that an action was pending against him.  Thus, even though service upon Defendant Edsall was not strictly in compliance with Oklahoma law and thus insufficient to support default, Defendant Edsall was effectively apprised of the pendency of this action.  Consequently, if this Report and Recommendation is accepted by the court, it is further recommended that Defendant Edsall be ordered to answer or otherwise respond to Plaintiff's complaint within a reasonable time.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, it is recommended that Plaintiff's motion for default judgment [Doc. No. 34] be denied, that Defendant Edsall's motion [Doc. No. 36] to set aside the Clerk's entry of default [Doc. No. 32] be granted, and that Defendant Edsall be ordered to answer or otherwise respond to Plaintiff's complaint within a reasonable time.

The parties are advised of their right to object to this Report and Recommendation by September 2, 2008, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues

contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 12th day of August, 2008.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE