## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JAMES RANSOM,                              )
                                           )
                    Plaintiff,             )
vs.                                        )        NO. CIV-07-71-D
                                           )
DR. EDSALL, et al.,,                       )
                                           )
                    Defendants.            )

### O R D E R

Plaintiff, who appears *pro se,* is a private prison inmate in the custody of the State of

Oklahoma.  Pursuant to 42 U. S. C. § 1983, he alleges that Dr. Robert D. Edsall ("Dr. Edsall")

violated his Eighth Amendment rights because he was deliberately indifferent to Plaintiff's serious

dental needs during Plaintiff's incarceration at the Great Plains Correctional Facility ("Great

Plains").[1]   In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States

Magistrate Judge Bana Roberts for initial proceedings.

The Magistrate Judge filed a Report and Recommendation [Doc. No. 37] in which she

recommended that the Court deny Plaintiff's Motion for Default Judgment against Dr. Edsall  [Doc.

No. 34]; she also recommended that the Court Clerk's April 22, 2008 Entry of Default [Doc. No.

32] be set aside.   In the Report and Recommendation, she advised the parties of their right to object

to the findings and conclusions set forth therein; she also cautioned them that failure to timely object

would constitute a waiver of the right to appellate review of the Report and Recommendation.  The

deadline for filing objections was September 2, 2008.

Plaintiff has failed to object to the Report and Recommendation.  However, Dr. Edsall timely

---

[1] *Plaintiff also named as a defendant Mr. Mike Maize, the Medical Director of Great Plains.  However, in a March 7, 2008 Order [Doc. No. 31], the Court adopted the Report and Recommendation of United States Magistrate Judge Bana Roberts and granted Mr. Maize's motion for summary judgment.*

filed an objection.  Although Dr. Edsall does not object to the denial of the default judgment motion or the striking of the entry of default, he takes issue with one of the factual findings set forth in the Report and Recommendation.  Specifically, he objects to the Magistrate Judge's conclusion that, although he was not properly served with summons and the Complaint, he had actual notice of the lawsuit.

Because no objection has been timely filed to the recommendation that the Court Clerk's Entry of Default be set aside and the plaintiff's Motion for Default Judgment be denied, the Report and Recommendation is adopted as to those recommendations.  To the extent that Dr. Edsall takes issue with one of the findings in the Report and Recommendation, that matter is reviewed *de novo*.

As the Court file reflects, Plaintiff requested that the Court Clerk enter default as to Dr. Edsall, and an Entry of Default was filed on April 22, 2008 [Doc. No. 32].   Plaintiff sought the entry of default only after the Magistrate Judge filed an Order [Doc. No. 27] in which she noted that the record contained a Process Receipt and Return indicating  that Dr. Edsall had been served by certified mail; she  directed Plaintiff to show cause why his action against Dr. Edsall should not be dismissed for failure to prosecute.  In response, Plaintiff sought the entry of default.  After the Clerk entered default, Plaintiff  filed a Motion for Default Judgment [Doc. No. 34].

Dr. Edsall then entered an appearance; he also filed a motion [Doc. No. 36] to set aside the entry of default and an objection to Plaintiff's Motion for Default Judgment, arguing that he had not been properly served with summons and the Complaint.  Upon further review and consideration of the record, the Magistrate Judge concluded that  the attempted service upon Dr. Edsall was not in strict compliance with Oklahoma law.  As explained in the Report and Recommendation, the Oklahoma statute requires that delivery be restricted to the addressee when certified mail is utilized

for service of process.  *See* Okla. Stat. tit. 12, § 2004(C)(2)(b).  Because delivery to Dr. Edsall was not restricted in this manner, the Magistrate Judge concluded that the Court Clerk's Entry of Default should be set aside, and that Plaintiff's Motion for Default Judgment should be denied.  Report and Recommendation,  pp. 2-3.

The Magistrate Judge further noted that, despite the ineffective service,  the record in this case  indicates Dr. Edsall had actual notice of the claims asserted against him.   Specifically, she noted that the  Special Report [Doc. No. 18][2] filed in this case was submitted on behalf of both  Dr. Edsall and Mr. Maize.  She further noted that, as an exhibit to the Special Report, Dr. Edsall filed an affidavit in which he denied that he had been  deliberately indifferent to Plaintiff's dental needs. Special Report, Exhibit 6, p. 2.  The Magistrate Judge interpreted these materials as reflecting the fact that, notwithstanding the technical deficiencies in the service upon Dr. Edsall, he had actual notice of not only the pending lawsuit but the specific claims asserted against him.   Thus, she concluded that the error in service did not deprive Dr. Edsall of his "fundamental right to notice" of the claims against him, citing  *Shamblin v. Beasley*, 967 P. 2d 1200, 1209 (Okla. 1998).  As a result, she recommended that the Court not require further service of process and that Dr. Edsall be directed to answer or otherwise respond to the Complaint.

Dr. Edsall denies that he had actual notice of the lawsuit; he argues that the Special Report was submitted by counsel for Mr. Maize.  He argues that, although he was aware a lawsuit had been filed, he did not receive a copy of the Complaint and was not aware that he was a named defendant until he was notified by Mr. Maize's counsel that Plaintiff had sought a default judgment against Dr. Edsall.   Dr. Edsall also  states that his affidavit submitted with the Special Report was prepared at

---

[2]*The Special Report was ordered by the Magistrate Judge pursuant to* <u>*Martinez v. Aaron*</u>*, 570 F.2d 317 (10th Cir. 1978).*

the request of Mr. Maize's counsel and that he thought the Complaint was asserted only against Mr. Maize or Great Plains.

Having reviewed the file, the Court concludes that the Report and Recommendation [Doc. No. 37] should be, and is, ADOPTED.  The Court's Entry of Default [Doc. No. 32] is STRICKEN, and Plaintiff's Motion for Default Judgment [Doc. No. 34] is DENIED.   Although the Court acknowledges Dr. Edsall's objection to the finding that he had actual notice of the allegations against him, the Court finds that, under the circumstances,  renewed service of process should not be required.  Instead, given the current status of the case and the fact that Dr. Edsall now has actual notice of the allegations pending against him, the Court directs him to file an answer or other response to the Complaint no later than twenty (20) days from the date of this Order.  The action will proceed accordingly.

IT IS SO ORDERED this ___17th___ day of February, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

4