# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JAMES RANSOM, )
)
        Plaintiff, )
)
vs. ) NO. CIV-07-71-D
)
DR. EDSALL, et al.,, )
)
        Defendants. )

**O R D E R**

Plaintiff, who appears *pro se,* is a private prison inmate in the custody of the State of Oklahoma. Pursuant to 42 U. S. C. § 1983, he alleges that Dr. Robert D. Edsall ("Dr. Edsall") violated his Eighth Amendment rights because he was deliberately indifferent to Plaintiff's serious dental needs during Plaintiff's incarceration at the Great Plains Correctional Facility ("Great Plains").[1] In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings.

The Magistrate Judge filed a Report and Recommendation [Doc. No. 45] in which she recommended that the Court grant Dr. Edsall's summary judgment motion on Plaintiff's Eighth Amendment claims; she further recommended that Plaintiff's state law malpractice claim be dismissed without prejudice. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

Summary judgment is proper where the undisputed material facts establish that a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)*; Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[1] Plaintiff also named as a defendant Mr. Mike Maize, the Medical Director of Great Plains. However, in a March 7, 2008 Order [Doc. No. 31], the Court adopted the Report and Recommendation of United States Magistrate Judge Bana Roberts and granted Mr. Maize's motion for summary judgment.

323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To dispute a material fact, a plaintiff must offer more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict" for him. *Id.* The facts and reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *MacKenzie v. City & County of Denver*, 414 F. 3d 1266, 1273 (10th Cir. 2005).

If the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action. *Celotex*, 477 U.S. at 322. However, a defendant need not disprove the plaintiff's claim; it must only point to "a lack of evidence" on an essential element of that claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F. 3d 664, 671 (10th Cir. 1998). The burden then shifts to the plaintiff to go beyond the pleadings and present facts, admissible in evidence, from which a rational trier of fact could find for her; conclusory arguments are insufficient, as the facts must be supported by affidavits, deposition transcripts, or specific exhibits incorporated therein. 144 F. 3d at 671-72. It is not the Court's responsibility to attempt to find evidence which could support a plaintiff's position. *Id.* at 672.

In this case, Plaintiff's Eighth Amendment claim is based on his contention that Dr. Edsall was deliberately indifferent to Plaintiff's dental needs. As the Magistrate Judge explained in detail in the Report and Recommendation, an Eighth Amendment violation may be based on "deliberate indifference to serious medical needs of prisoners constitut[ing] the unnecessary and wanton infliction of plain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The deliberate indifference standard requires proof of two components: 1) an objective component in which the plaintiff's pain or deprivation must be shown to be sufficiently serious; and 2) a subjective component requiring

proof that the offending official acted with a sufficiently culpable state of mind. *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993); *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991). To establish the sufficient severity component, a plaintiff must show that the condition is one diagnosed by a physician as mandating treatment or that it is so obvious even a lay person would easily recognize the need for medical attention. *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). The subjective component requiring proof of the offending official's culpable state of mind requires proof that the official knew of a substantial risk of harm and failed to take reasonable measures to abate it. *Hunt v. Uphoff*, 199 F. 3d 1220, 1224 (10th Cir. 1999).

A delay in medical treatment may form the basis for an Eighth Amendment claim; however, the delay must, in itself, "reflect deliberate indifference which results in substantial harm." *Olson v. Stotts*, 9 F. 3d 1475, 1477 (10th Cir. 1993). "Substantial harm" requires a showing that the delay resulted in "lifelong handicap, permanent loss, or considerable pain," while "deliberate indifference" is shown by facts indicating the prison officials were aware of facts from which they could infer that the delay in treatment would cause a substantial risk of serious harm and that they did, in fact, draw that inference. *Garrett v. Stratman*, 254 F. 3d 946, 949-50 (10th Cir. 2001).

As the Magistrate Judge also correctly noted, all claims of inadequate medical treatment do not give rise to a constitutional violation; in fact, medical malpractice or negligence do not constitute Eighth Amendment violations. *Estelle*, 429 U.S. at 105. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*, at 106.

In the Report and Recommendation, the Magistrate Judge thoroughly explained the facts in the record; she discussed each of Plaintiff's factual contentions regarding the dental treatment provided by Dr. Edsall. She concluded that the undisputed material facts in the record establish that,

3

as a matter of law, Plaintiff cannot establish the essential elements of his Eighth Amendment claim against Dr. Edsall. *See* Report and Recommendation at pages 8 through 11. The Court has reviewed those contentions in light of the governing law, and concludes that the Magistrate Judge accurately and thoroughly considered Plaintiff's contentions. The Court has also thoroughly considered Plaintiff's objections, and concludes that the Magistrate Judge was correct in recommending that Dr. Edsall's motion for summary judgment be granted.

The Magistrate Judge also recommended that Plaintiff's state law medical malpractice or negligence claim be dismissed without prejudice to its refiling in state court. As she noted, when the District Court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over state law claims. 28 U. S. C. § 1367(c)(3).

The Court agrees with the Magistrate Judge that Plaintiff's state law claim should be dismissed without prejudice to its refiling in state court. Considerations of judicial economy, convenience, and fairness to the litigants warrant that result. *See Olcott v. Delaware Flood Co.*, 76 F. 3d 1538, 1550 (10th Cir. 1996).

Accordingly, for the reasons set forth herein, the Report and Recommendation [Doc. No. 45] is ADOPTED as though fully set forth herein. Dr. Robert D. Edsall's summary judgment motion [Doc. No. 43] is GRANTED. Plaintiff's state law claim is dismissed without prejudice to its refiling in state court. Because all other claims asserted have previously been dismissed, no further claims remain in this case.

IT IS SO ORDERED this 30th day of December, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE